IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CV-120-FL

| | | |
|---|---|---|
| SEAN CHRISTOPHER TALLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 14, 16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 18), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On May 27, 2015, plaintiff filed applications for disability insurance benefits and a period of disability, alleging disability beginning February 6, 2013. The application was denied initially and upon reconsideration. A hearing was held on February 15, 2018, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated May 29, 2018. On

May 9, 2019, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff commenced the instant action on July 3, 2019, seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th

Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of September 30, 2016. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disk disease of the cervical spine, status post-fusion; hypertension; affective disorders; anxiety disorder; post-traumatic stress disorder; borderline personality disorder; and obesity. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations:

> He is unable to perform overhead lifting. He should never climb ladders, ropes, or scaffolds. He should avoid unprotected heights or hazardous machinery that requires strict attention to avoid injury. He should be around no more than moderate noise. He is able to understand, remember and carry out simple routine tasks at no more than a semi-rapid pace. He is unable to work with the general public. Communications must be face to face with no over the phone work. He is able to work in proximity to but not coordination with co-workers. He is able to adapt to routine changes in the workplace.

(Tr. 21-22). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

4

Case 7:19-cv-00120-FL   Document 21   Filed 04/27/20   Page 4 of 6

B.     Analysis

Plaintiff argues that remand is required because the ALJ's appointment did not comply with the Appointments Clause, Art. II, § 2, cl. 2, of the United States Constitution, in accordance with Lucia v. S.E.C., 138 S. Ct. 2044, 2051 (2018).  The magistrate judge determined that this argument was without merit because plaintiff did not challenge the ALJ's appointment in administrative proceedings before defendant, thus forfeiting the claim.

The United States Court of Appeals for the Fourth Circuit has not yet addressed this issue, and the same issue presently is pending before that court in appeals.  See, e.g., Bradshaw v. Berryhill, No. 19-1531 (4th Cir. May 17, 2019); Probst v. Berryhill, No. 19-1529 (4th Cir. May 17, 2019).  Accordingly, the court adheres to its prior precedents holding that a plaintiff's failure to timely challenge the ALJ's appointment before defendant is a bar to this court's review of the issue. See, e.g., Nantz v. Saul, No. 5:18-CV-474-FL, 2020 WL 1490698, at *2 (E.D.N.C. Mar. 24, 2020); Colie v. Saul, No. 4:18-CV-107-FL, 2019 WL 4580371, *1 (E.D.N.C. Sept. 20, 2019); Shoemaker v. Saul, No. 7:18-CV-116-FL, 2019 WL 4580381, *1 (E.D.N.C. Sept. 20, 2019); Graham v. Berryhill, No. 7:18-CV-22-FL, 2019 WL 1270933 (E.D.N.C. Mar. 19, 2019); Higgs v. Berryhill, No. 4:18-CV-22-FL, WL 845406 (E.D.N.C. Feb. 21, 2019).

Plaintiff's arguments based upon Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 153 (3d Cir. 2020), are unavailing at this juncture, where the Fourth Circuit has held previously that constitutional claims must be raised in administrative proceedings to be preserved for judicial review, see, e.g., Nationsbank Corp. v. Herman, 174 F.3d 424, 430 (4th Cir. 1999) (recognizing "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court") (quotations omitted), and where

5

Case 7:19-cv-00120-FL   Document 21   Filed 04/27/20   Page 5 of 6

B.     Analysis

Plaintiff argues that remand is required because the ALJ's appointment did not comply with the Appointments Clause, Art. II, § 2, cl. 2, of the United States Constitution, in accordance with Lucia v. S.E.C., 138 S. Ct. 2044, 2051 (2018).  The magistrate judge determined that this argument was without merit because plaintiff did not challenge the ALJ's appointment in administrative proceedings before defendant, thus forfeiting the claim.

The United States Court of Appeals for the Fourth Circuit has not yet addressed this issue, and the same issue presently is pending before that court in appeals.  See, e.g., Bradshaw v. Berryhill, No. 19-1531 (4th Cir. May 17, 2019); Probst v. Berryhill, No. 19-1529 (4th Cir. May 17, 2019).  Accordingly, the court adheres to its prior precedents holding that a plaintiff's failure to timely challenge the ALJ's appointment before defendant is a bar to this court's review of the issue. See, e.g., Nantz v. Saul, No. 5:18-CV-474-FL, 2020 WL 1490698, at *2 (E.D.N.C. Mar. 24, 2020); Colie v. Saul, No. 4:18-CV-107-FL, 2019 WL 4580371, *1 (E.D.N.C. Sept. 20, 2019); Shoemaker v. Saul, No. 7:18-CV-116-FL, 2019 WL 4580381, *1 (E.D.N.C. Sept. 20, 2019); Graham v. Berryhill, No. 7:18-CV-22-FL, 2019 WL 1270933 (E.D.N.C. Mar. 19, 2019); Higgs v. Berryhill, No. 4:18-CV-22-FL, WL 845406 (E.D.N.C. Feb. 21, 2019).

Plaintiff's arguments based upon Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 153 (3d Cir. 2020), are unavailing at this juncture, where the Fourth Circuit has held previously that constitutional claims must be raised in administrative proceedings to be preserved for judicial review, see, e.g., Nationsbank Corp. v. Herman, 174 F.3d 424, 430 (4th Cir. 1999) (recognizing "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court") (quotations omitted), and where

other district courts have continued to adhere to an exhaustion requirement despite the decision by the United States Court of Appeals for the Third Circuit in Cirko. See, e.g., Bailey v. Saul, No. 1:18-CV-00371-FDW, 2020 WL 1429240, at *4 (W.D.N.C. Mar. 19, 2020); Honeycutt v. Saul, No. 3:18-CV-509-CRS, 2020 WL 1430475, at *4 (W.D. Ky. Mar. 23, 2020); Herring v. Saul, No. C18-120-LTS, 2020 WL 1528163, at *10 (N.D. Iowa Mar. 31, 2020).

## CONCLUSION

Based on the foregoing, and upon de novo review of the record, the court adopts the M&R. Plaintiff's motion for judgment on the pleadings (DE 14) is DENIED, and defendant's motion for judgment on the pleadings (DE 16) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge