IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CV-120-FL

| | | |
|---|---|---|
| SEAN CHRISTOPHER TALLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for attorney fees, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 29). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 39), wherein it is recommended that the court deny the motion. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the motion is denied.

**BACKGROUND**

On May 27, 2015, plaintiff filed applications for disability insurance benefits and a period of disability, alleging disability beginning February 6, 2013. The application was denied initially and upon reconsideration. A hearing was held on February 15, 2018, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated May 29, 2018. On May 9, 2019, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff commenced the instant action on July 3,

2019, seeking judicial review of defendant's decision on the sole ground that "[r]emand is required because the presiding ALJ was not properly appointed under the Constitution and, therefore, lacked legal authority to hear and decide this case." (Pl's Mem. (DE 15) at 2). On April 27, 2020, the court denied plaintiff's motion for judgment on the pleadings and affirmed defendant's decision.

Plaintiff appealed, and the court of appeals vacated this court's judgment and remanded the case in light of Carr v. Saul, 141 S.Ct. 1352 (2021). Thereupon, this court remanded the case to defendant "so that plaintiff can obtain a new hearing before a different, properly appointed [ALJ]." (Order (DE 37) at 1).

In the meantime, plaintiff filed the instant motion, relying upon a memorandum of law and statement of attorney time expended. Defendant responded in opposition, asserting that the government's position was substantially justified, and, in the alternative, that fees sought are unreasonable. Plaintiff replied, relying upon published correspondence by the former Social Security Administration general counsel, and a supplemental statement of attorney time expended.

**DISCUSSION**

A.  Standard of Review

To assist in its review of plaintiff's motion, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motion]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific
2

error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The EAJA provides for an award of reasonable attorney's fees and expenses in accordance with the following provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the statute provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . . The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B) (emphasis added). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." Id. § 2412(d)(2)(D).

Although the phrase "substantially justified" is not defined in the statute, the Supreme Court has interpreted the phrase to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a

3

reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n.2. The phrase, thus, does not connote "'justified to a high degree,' but rather 'justified in substance or in the main.'" Id. at 565. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." Id. "The United States has the burden of showing that its position was substantially justified." United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). "[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

B.   Analysis

Plaintiff objects to the magistrate judge's determination that an award of fees under the EAJA is not warranted because the government's position was substantially justified at the agency level and upon judicial review. The magistrate judge thoroughly and cogently determined that the government's position was substantially justified. Therefore, upon de novo review of the record and the M&R, the court adopts the M&R as its own. The court writes separately to address arguments raised in plaintiff's objections.

Plaintiff argues that the government was not substantially justified "in intentionally deceiving this severely mentally ill claimant." (Obj. (DE 40) at 2). Plaintiff, however, does not cite to any portion of the record, before the agency or the court, where the government engaged in deceptive acts or statements. (See id.; see also Pl's Reply (DE 33) at 4). Plaintiff states that "[i]f [the agency proceeding] was so formal that one could forfeit constitutional rights at such a proceeding then the Agency should not have said that the proceeding was informal." (Obj. at 2). The government's position in this case, however, did not rely upon a distinction between formal and informal proceedings. (See, e.g., Def's Mem. (DE 17) at 4-5). Because of a split in circuit courts and district courts over the issue of forfeiture in Social Security proceedings, which the government itself identified, (see id. at 7-9), the government was substantially justified in maintaining its position in this case.

Plaintiff argues that the M&R erred in identifying the issue at the administrative level to be whether defendant "had a sua sponte duty to raise an Appointments Clause issue." (Obj. at 2). Plaintiff contends that that "[t]he issue at the administrative level is whether SSA had an obligation to properly appoint its ALJs." (Id.). Plaintiff's argument misses the mark. For purposes of determining an award of fees under the EAJA, the court must consider "the action or failure to act by the agency upon which the civil action is based." Id. § 2412(d)(2)(D) (emphasis added). As such, the issue before the court on the instant motion is whether the government was substantially justified in acting the way it did in plaintiff's case. The issue cannot be whether the agency "had an obligation to properly appoint its ALJs," (obj. at 2), as plaintiff states in the plural, because there were not multiple ALJs appointed in plaintiff's case, and because no party raised any issue at the administrative level concerning the agency's obligation to properly appoint its ALJs. (See, e.g., Tr. 16-29).

5

Plaintiff further contends that defendant's position before the agency was not substantially justified, because "before the ALJ even issued his decision, the Agency was absolutely aware of the fact that no constitutionally valid hearing had been held in this case." (Pl's Obj. at 1). In support of this proposition, plaintiff points to his brief in support of the instant motion, in which he relies upon Lucia v. S.E.C., 138 S.Ct. 2044 (2018), which was decided June 21, 2018, and Social Security Ruling ("SSR") 19-1p, which was published on March 15, 2019. (Pl's Mem. (DE 15) at 3). The ALJ's decision in this case, however, was issued on May 29, 2018, before Lucia and SSR 19-1p. (Tr. 29). Accordingly, it does not follow that the agency was aware of the fact that no constitutionally valid hearing had been held in this case.

In any event, Lucia provided relief to a claimant who made a "timely challenge" before the agency, 138 S.Ct. at 2055, and SSR 19-1p only provides guidance in cases where a claimant "has raised a timely challenge." SSR 19-1p. Thus, even assuming the government knew in the administrative proceedings that the ALJ had not been appointed properly, the government justifiably relied upon "important efficiency interests" served by the doctrines of forfeiture and waiver, (Def's Mem. (DE 17) at 10), in not sua sponte raising the appointments clause issue in plaintiff's case. See United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952) ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.").

## CONCLUSION

Based on the foregoing, and upon de novo review of the record, the court adopts the M&R. Plaintiff's motion for attorney fees under the EAJA (DE 29) is DENIED.

6

Case 7:19-cv-00120-FL   Document 42   Filed 05/26/22   Page 6 of 7

SO ORDERED, this the 26th day of May, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

7

Case 7:19-cv-00120-FL   Document 42   Filed 05/26/22   Page 7 of 7